PROB 12C
(Rev. 8/18)

# UNITED STATES DISTRICT COURT
for the
**District of New Hampshire**

## *Superseding* Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Isaiah Davis   Case Number: 15-CR-176-01-JL

Name of Sentencing Judicial Officer:   Honorable Joseph N. Laplante

Date of Original Sentence:   November 22, 2016

Original Offense: Count 1: Conspiracy to Distribute 1 Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(i); and Count 2: Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C)

Original Sentence:   39 months of imprisonment / 5 years of supervised release

Revocation:   04/02/2020 - 11 months of imprisonment / 3 years of supervised release

Type of Supervision: Supervised release     Date Supervision Commenced:   April 22, 2020

Assistant U.S. Attorney: Jennifer C. Davis     Defense Attorney: Matthew G. Stachowske

## PETITIONING THE COURT

☒ To issue a warrant and to replace the previous Petition for Warrant or Summons for Offender Under Supervision with this document
☐ To issue a summons
☐ Other:

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Violation of Mandatory Condition #1:** <u>You must not commit another federal, state or local crime</u>. On or about July 30, 2020, the defendant illegally possessed and used the controlled substances of fentanyl, cocaine, and marijuana, in violation of 21 U.S.C. § 844(a) and NH RSA 318-B:2.<br><br>Evidence in support of this charge includes: 1) the results of a urine specimen collected on July 30, 2020; 2) a written admission from the defendant; and 3) testimony by the probation officer about conversations with the defendant on July 30, 2020. |
| 2 | **Violation of Standard Condition #5:** <u>You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.</u> On or about August 4, 2020, the defendant moved from his known and |

approved residence located at 3 Snow Road, Winchester, NH, without having notified the probation office until specifically questioned by the probation officer on August 18, 2020, at which time he declined to provide an address and advised that he was staying "here and there."

Evidence in support of this charge includes: 1) testimony by the probation officer about a conversation he had with Nancy Davis, the defendant's mother, and her significant other on August 18, 2020; and 2) testimony by the probation officer about a telephone conversation he had with the defendant on August 18, 2020.

3   **Violation of Standard Condition #7:** You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. On August 18, 2020, the probation officer learned that the defendant had changed employment on or about August 6, 2020, but he did not report the change until specifically questioned by the probation officer on August 18, 2020.

Evidence in support of this charge includes: 1) testimony by the probation officer about communications he had with the defendant's employer on August 18 and 20, 2020; and 2) testimony by the probation officer about a telephone conversation he had with the defendant on August 18, 2020.

4   **Violation of Mandatory Condition #3:** You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. On or about August 16, 2020, the defendant illegally possessed and used a controlled substance, fentanyl, in violation of 21 U.S.C. § 844(a) and NH RSA 318-B:2.

Evidence in support of this charge includes testimony by the probation officer about a telephone conversation he had with the defendant on August 18, 2020.

5   **Violation of Mandatory Condition #1:** You must not commit another federal, state or local crime. On or about January 14, 2021, the defendant illegally possessed and used the controlled substances of fentanyl, cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. § 844(a) and NH RSA 318-B:2.

Evidence in support of this charge includes: 1) the results of a urine specimen collected on January 14, 2021; and 2) testimony by the probation officer about correspondence with Keene (NH) Metro Treatment Center.

| | |
|---|---|
| 6 | **Violation of Standard Condition #2:** <u>After initially reporting to the probation office, you must will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed</u>. On February 2 and February 10, 2021, the defendant failed to contact the probation officer via a smartphone video application as previously directed by the probation officer on January 29, 2021. |

Evidence in support of this charge includes testimony by the probation officer.

| | |
|---|---|
| 7 | **Violation of Special Condition #2:** <u>You must participate in an outpatient or inpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (the provider, location, modality, duration, intensity, etc.). You must pay for the cost of treatment to the extent you are able as determined by the probation officer</u>. On January 17 and 28, 2021, in Keene, NH, the defendant failed to report for scheduled intake appointments at Monadnock Family Services. |

Evidence in support of this charge includes testimony by the probation officer about correspondence with Monadnock Family Services on February 11, 2021.

U.S. Probation Officer Recommendation:

☒ The term of supervision should be

　　☒ revoked.

　　☐ extended for  years, for a total term of  years.

☐ The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted by,

/s/ *Timothy J. Merna*
Timothy J. Merna
U.S. Probation Officer
603-226-7338
Date: 02/16/2021

Reviewed & Approved by:

/s/ *Christopher H. Pingree*
Christopher H. Pingree
Supervisory U.S. Probation Officer
603-226-7315

---

THE COURT ORDERS:

☐ No action

☐ The issuance of a warrant. Petition and issuance of the warrant to remain sealed pending arrest.

☐ The issuance of a summons.

☐ Other:

_____
Signature of Judicial Officer

_____
Date